**Arthur KATZIN, Appellant**

v.

**CENTRAL APPALACHIA PETRO-LEUM; Chesapeake Appala-chia, LLC, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2011.
Filed Jan. 19, 2012.

automatically render the statements included therein admissible.").

Michael A. Dinges, Williamsport, for appellant.

Kevin C. Abbott, Pittsburgh, for appellee.

BEFORE: STEVENS, P.J., BENDER, and PANELLA, JJ.

OPINION BY PANELLA, J.:

Arthur Katzin appeals from the order entered December 10, 2010, by the Honorable Maureen T. Beirne, Bradford County Court of Common Pleas, that granted judgment on the pleadings to Central Appalachia Petroleum and Chesapeake Appalachia, LLC, on Katzin's action for declaratory judgment. After careful review, we affirm.

The facts underlying this dispute are largely uncontested. Katzin is the owner of land subject to an oil and gas lease that was granted in favor of Central Appalachia Petroleum, which subsequently assigned the lease to Chesapeake Appalachia, LLC. According to the terms of the lease, Katzin is entitled to receive royalties in the following manner:

(A) ROYALTY: To pay Lessor as Royalty, less all taxes, assessments and adjustments on production from the Leasehold as follows:

1. OIL: To deliver to the credit of Lessor, free of cost, a Royalty of the equal one-eight part of all oil and any constituents thereof produced and markets from the Leasehold.

2. GAS: To pay Lessor an amount equal to one-eighth of the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold during the preceding month. Lessee may withhold Royalty payments until such time as the total withheld exceeds twenty-five dollars ($25.00).

Lease, 2/13/2002. Katzin seeks to invalidate the lease under the Pennsylvania Guaranteed Minimum Royalty Act ("PGMRA"), which states that an oil or gas lease "shall not be valid if such lease does not guarantee the lessor at least one-eighth royalty of all" oil or natural gas. 58 Pa.Stat. § 33.

Pursuant to his desire to invalidate the lease, Katzin filed a complaint for declaratory judgment on the Court of Common Pleas of Bradford County.[1] The case was removed to the United States District Court for the Middle District of Pennsylvania on January 8, 2009. However, on May 28, 2009, the federal district court remanded the case back to the Court of Common Pleas of Bradford County. Both parties subsequently filed motions for

[1] Katzin concedes that Count I of his complaint was resolved in favor of the defendants by the Supreme Court of Pennsylvania's decision in *Kilmer v. Elexco Land Services, Inc.,* 605 Pa. 413, 990 A.2d 1147 (2010).

judgment on the pleadings. On December 10, 2010, the trial court entered judgment in favor of Chesapeake and against Katzin. This timely appeal followed.

██ On appeal, Katzin raises as his single issue the question of whether the trial court erred in holding that the instant lease complies with the mandates of the PGMRA. In reviewing a trial court's grant of a motion for judgment on the pleadings, our scope of review is plenary. *See Vetter v. Fun Footwear Co.*, 447 Pa.Super. 84, 668 A.2d 529, 531 (1995) (*en banc*).

> Our review of a trial court's decision to grant ... judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 428–429, 664 A.2d 84, 86 (1995).

Katzin concedes that *Kilmer* allows for the deduction of certain post-production costs from the royalty paid to lessors under the PGMRA. In an attempt to distinguish *Kilmer* from the instant appeal, Katzin argues that the lease at issue is vague regarding what costs may be deducted from the royalty paid by Central Appalachia and is therefore not compliant with the PGMRA. While this argument is certainly creative, we hold that it is not meritorious.

██ In essence, Katzin contends that Central Appalachia *might* pay less than the royalty guaranteed under the PGMRA

as the lease is vague regarding allowable deductions. However, Pennsylvania courts have long held that

> [i]n the absence of an express provision, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract. Accordingly, a promise to do an act necessary to carry out the contract must be implied.

*Daniel B. Van Campen Corp. v. Building and Const. Trades Council of Philadelphia and Vicinity*, 202 Pa.Super. 118, 195 A.2d 134, 136–137 (1963). The lease between Katzin and Central Appalachia Petroleum clearly indicates that the parties intended to comply with the mandates of the PGMRA, since it provides for a one-eighth royalty to Katzin. In construing the lease, we must therefore imply a promise by Central Appalachia, and therefore its assignees such as Chesapeake Appalachia, LLC, to comply with the mandates of the PGMRA.

It may very well be that Chesapeake Appalachia, LLC's payments under the lease do not satisfy the requirements of the PGMRA. But that is a matter for a breach of contract action based upon a breach of this implied promise. We therefore affirm the order granting judgment on the pleadings to Central Appalachia Petroleum and Chesapeake Appalachia, LLC.

Order affirmed. Jurisdiction relinquished.