**Southwest Energy Production Co. v. Forest Resources, LLC**

C.P. of Lycoming County, No. 11-02,308

ANDERSON, *J.*, Oct. 15, 2014—This matter is before the court pursuant to a remand from Superior Court by order dated November 27, 2013.[1]

---

1. An application for reargument was denied by the Superior Court

By orders dated December 18, 2012, this court sustained preliminary objections filed by Southwestern and Lancaster and granted in part a motion for judgment on the pleadings filed by Lancaster, thereby dismissing claims brought by the Thomas E. Proctor Heirs Trust (PHT) and the Margaret O.F. Proctor Trust (MPT) for declaratory judgment and constructive trust. The claim for declaratory judgment sought a declaration that the oil and gas lease between PHT and Lancaster violated the Pennsylvania Guaranteed Minimum Royalty Act (PGMRA)[2] and was thus invalid, and the claim for constructive trust sought to impose a constructive trust on any profits made under the lease. This court dismissed the claim for declaratory judgment after finding it had no basis in law — i.e., the court held that the lease between PHT and Lancaster did not violate the PGMRA and was therefore not invalid. The claim for constructive trust was found to be wholly dependent on the claim for declaratory judgment and was therefore also dismissed.

The Superior Court held, however, that the lease *did* violate the PGMRA and reversed portions of the orders of December 18, 2012. The court then remanded the matter for further proceedings on "the various motions and preliminary objections [to the extent they] raised other grounds not addressed by the trial court". This court will therefore address those issues raised by Lancaster's motion for judgment on the pleadings and Lancaster's and Southwestern's preliminary objections, which were not addressed in the December 18, 2012, orders.

---

on February 4, 2014. Petitions for allowance of appeal were denied by the Pennsylvania Supreme Court on July 30, 2014.

2. 58 P.S. Section 33 *et seq.*

In the motion for judgment on the pleadings, Lancaster moved for judgment on count 1 of PHT's joinder complaint/counterclaim against it, a claim of declaratory judgment which sought a declaration that the lease violated the PGMRA and was thus invalid.[3] In support of that assertion, Lancaster argued that this court's order of May 24, 2012, which dismissed PHT's second amended counterclaim against Southwestern (an identical claim for declaratory judgment seeking to declare the lease invalid on the basis of violation of the PGMRA), was the law of the case and acted as res judicata with respect to the issue. This court did not address whether the May 24, 2012, order acted as the law of the case or whether the doctrine of res judicata prevented the court from re-visiting the matter, and instead addressed the merits.

With respect to Lancaster's "law of the case" argument, the Superior Court's holding has now become the "law of the case" and is obviously not helpful to Lancaster. With respect to the "res judicata" argument, as the Superior Court specifically found the May 24, 2012, order to *not* have been a final order, such cannot support Lancaster's argument either. In effect, there is nothing further to address in the motion for judgment on the pleadings. That motion is therefore considered to have been denied in its entirety.

The preliminary objections filed by Lancaster assert that MPT is not a party to the lease and therefore has no standing to bring its action for declaratory judgment.[4]

---

3. The motion also sought judgment on Lancaster's Counterclaim against PHT for breach of contract. This portion of the motion was denied, and was not before the Superior Court on appeal.

4. Lancaster also argued the "law of the case" controlled the outcome of the counterclaim, but as noted above, this argument is no

The declaratory judgments act provides "[a]ny person *interested* under a ... written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are *affected by* a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. Section 7533 (emphasis supplied). In this case, MPT is clearly an interested party as the lease may include MPT's interest (if that interest has been deeded to PHT). Indeed, Lancaster has pled in Paragraph 27 of its Additional defendant complaint that MPT is an interested party. This objection will therefore be overruled.

The preliminary objections filed by Southwestern assert that (1) as no assignments of the royalty have actually been made, the lease does not violate the PGMRA, (2) the lease extension did not modify the original 1/8 royalty of the lease and therefore does not violate the PGMRA, (3) the challenge to the validity of the lease must be brought as a breach of contract action, (4) a constructive trust cannot be imposed on an expectancy, and (5) a constructive trust can be imposed only where the defendant has no legal right to the property.[5] Each of these assertions will be addressed in turn.

With respect to the first two issues, the court considers the Superior Court's analysis of the leases, letter agreements and extensions to have covered these matters.

To support its argument that MPT must bring a breach of contract action rather than an action in declaratory

---

longer helpful to Lancaster.

5. Southwestern also argues the "law of the case" but this argument will not be addressed further.

judgment, Southwestern cites *Katzin v. Central Appalachia Petroleum*, 39 A.3d 307 (Pa. Super. 2012). There, Katzin argued that his lease might violate the PGMRA depending on how the costs deductible from the royalty payment are defined. The Superior Court noted, however, that the law implies "an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made" and that "a promise to do an act necessary to carry out the contract must be implied." *Id.* at 309. Since the lease provided for a one-eighth royalty to Katzin, the court interpreted the lease to show the parties' intent to comply with the PGMRA and in construing the lease, implied a promise to comply with the mandates of that statute. The court then stated, "[i]t may very well be that Chesapeake Appalachia, LLC's payments under the lease do not satisfy the requirements of the PGMRA. But that is a matter for a breach of contract action *based upon a breach of this implied promise.*" *Id.* (emphasis supplied). Thus, the breach of contract action was referenced to be necessary only if the payments themselves resulted in a royalty of less than one-eighth, which, according to the court's interpretation, would constitute a breach of the promise to comply with the PGMRA.[6] The court did not state that Katzin had to bring his action to invalidate the lease under the PGMRA as a breach of contract action and in fact, affirmed the trial court's order granting judgment on the pleadings to central appalachia on Katzin's action for declaratory judgment. Therefore, this objection will be

---

6. Katzin had also raised an issue respecting his lease's provision for "all taxes, assessments and adjustments on production" to be deducted from the royalties, but the court noted that that issue was resolved in the defendants' favor by *Kilmer v. Elexco Land Services, Inc.*, 990 A.2d 1147 (Pa. 2010).

overruled.

Southwestern's contention that the claim for constructive trust fails to state a claim upon which relief can be granted has two bases. First, Southwestern argues that a constructive trust cannot be imposed on an expectancy and that, here, no production has yet occurred. The court believes the allegation that drilling has begun, however, is sufficient in the context of the instant suit. It remains to be seen what the circumstances are at the time the final judgment in this matter is entered, and it would be premature to declare that MPT is not entitled to this form of relief before the underlying claim is finally resolved. Southwestern also argues that a constructive trust cannot be imposed where the defendant has a right to the property. Inasmuch as the underlying claim seeks to declare that Southwestern has no right to the property, this argument misses the mark. These remaining objections will therefore be overruled as well.

## ORDER

And now, this day of November 2014, for the foregoing reasons, the motion for judgment on the pleadings filed by Lancaster on October 31, 2012, is hereby denied.

The preliminary objections filed by Lancaster on August 14, 2012, are hereby overruled. Lancaster shall file an answer to MPT's amended counterclaim within twenty (20) days of this date.

The preliminary objections filed by Southwestern on August 9, 2012, are hereby overruled. Southwestern shall file an answer to MPT's amended counterclaim within twenty (20) days of this date.