J-S07003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT M. MUMMA, II, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CRH, INC., PENNSY SUPPLY, INC., LISA M. MORGAN, BARBARA MCKIMMIE MUMMA, LINDA MUMMA ROTH, MORGAN, LEWIS & BOCKIUS, AND STRADLEY RONON STEVENS & YOUNG, | |
| Appellee | No. 707 MDA 2015 |

Appeal from the Order Entered March 25, 2015
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 1999-01546

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 05, 2016**

Robert M. Mumma, II ("Mumma"), appeals from the March 25, 2015 order entering final judgment in favor of all defendants herein.

This matter concerns the sale of a family business.  The business, a construction and quarry company, was founded by Mumma's grandfather and eventually began to operate under the name of Pennsy Supply, Inc. ("Pennsy").  In 1982, corporate officers of Pennsy filed articles changing the name of Pennsy to Nine Ninety-Nine, Inc. ("Ninety-Nine"), and all shares of Pennsy were cancelled and replaced with shares of Ninety-Nine.  In 1993,

---

* Former Justice specially assigned to the Superior Court.

Ninety-Nine was sold to CRH, Inc. ("CRH"), an Irish Corporation, for $34 million. While Mumma joined in the sale and received $3 million dollars for his Ninety-Nine stock, he has since devoted considerable time and resources in an attempt to avoid the consequences of the 1993 sale.

Mumma filed this lawsuit in 1999 against CRH, Pennsy, Lisa M. Morgan, Barbara McKimmie Mumma, Linda Mumma Roth, the law firm of Morgan, Lewis & Bockius, and the law firm of Stradley Ronon Stevens & Young (collectively "defendants"). He averred herein that the named defendants, individually and collectively, fraudulently concealed documents and information that would have resulted in Mumma's refusal to consent to the 1993 sale of Ninety-Nine to CRH. Mumma specified two documents that were allegedly concealed from him: 1) a Pennsy shareholders' agreement dated December 29, 1961, which purportedly gave Mumma the option of purchasing Pennsy stock at face value; and 2) a shareholders' agreement dated August 1, 1993. The defendants herein filed preliminary objections, and Mumma countered with a motion seeking permission to file an amended complaint. Mumma's motion was denied, but the preliminary objections remained unresolved in this lawsuit.

In 1999, Mumma instituted another legal action, a declaratory judgment case assigned number 99-2765 in the civil division of Cumberland County. Therein, Mumma asked for a declaration that he had an ownership interest in a corporation known as Pennsy Supply Inc., a corporation which

had a name with no comma between "Supply" and "Inc." Mumma claimed that the corporation Pennsy Supply Inc. operated as a separate and distinct entity from Pennsy, which did have a comma between "Supply" and "Inc." Mumma produced a stock certificate issued in 1963 demonstrating that he owns 314 shares of Pennsy Supply Inc. and averred at action 99-2765 that Pennsy Supply Inc. owned the quarry and construction business of the Mumma family while CRH bought Pennsy, which owned no assets. Alternatively, in the other case, Mumma requested a declaration that the December 29, 1961 shareholders' agreement relied upon in this lawsuit gave Mumma a right of first refusal to purchase the Pennsy stock sold to CRH.

After a five-day nonjury trial, the trial court at 99-2765 found in favor of the defendants. As we noted in Mumma's appeal from the verdict, Pennsy "produced certified records from the Commonwealth demonstrating that there was only one Pennsy Supply, Inc. in Pennsylvania from 1958 to 1993. It also produced a 1963 shareholders' agreement that rescinds the 1961 agreement. [Mumma's] 1963 stock certificate was issued after the 1961 agreement was rescinded by the same two people who entered the 1961 agreement." ***Mumma II v. Pennsy Supply, Inc.***, 833 A.2d 1156 (Pa.Super. 2003) (unpublished memorandum at 3), *appeal denied*, 847 A.2d 1287 (Pa. 2004). We affirmed the trial court's finding that the 1961 shareholders' agreement had been rescinded and that Mumma never had an option to purchase Pennsy stock at face value. ***Id***.

Mumma also instituted an action in 2004 claiming that the people who changed the name of Pennsy to Ninety-Nine were not legally authorized to take that action so that Pennsy's assets remained in its name and were not sold to CRH. Preliminary objections were filed to Mumma's complaint, they were granted, and we affirmed on appeal. ***Mumma v. Lake***, 895 A.2d 657 (Pa.Super. 2006) (unpublished memorandum).

Activity in the present case resumed on August 21, 2013, when Lisa Morgan, both individually and as executrix of the estate of Barbara McKimmie Mumma, withdrew her preliminary objections and filed an answer and new matter. Ms. Morgan then filed a motion for judgment on the pleadings on the basis of collateral estoppel. She averred that it was adjudicated in case 99-2765 that the 1961 shareholders' agreement relied upon by Mumma herein was terminated and did not confer a right on Mumma to purchase Pennsy stock.

The trial court granted Ms. Morgan's motion for judgment on the pleadings, concluding that collateral estoppel applied. It noted that the court in action 99-2765 ruled that the 1961 shareholders' agreement was rescinded by the 1963 agreement and that Mumma never had the right to purchase Pennsy stock. The trial court herein rejected Mumma's argument that, since our decision in the case at 99-2765 was an unpublished memorandum, it could not be relied upon. ***See*** Superior Court Operating Procedure § 65.37(A), which permits an unpublished memorandum decision

to be relied upon and cited "when it is relevant under the doctrine of law of the case, *res judicata*, or collateral estoppel[.]"

The remaining defendants in this action then filed a joint motion for judgment on the pleadings. Mumma filed a praecipe to discontinue this action on January 27, 2015, and then, after the date for the argument on the pending motion for judgment on the pleadings had passed, Mumma filed a praecipe to withdraw his discontinuance. On February 25, 2015, all of the defendants filed a joint petition to strike Mumma's praecipe to withdraw his discontinuance. On March 25, 2015, the trial court granted the defendants' petition, struck Mumma's praecipe to withdraw his discontinuance, and entered judgment in favor of the defendants. This appeal followed. Mumma presents these issues:

> The Court erred by not allowing Plaintiff to amend or re-file his complaint in 1999-1546.

> The court erred in assuming, without a hearing, that the defendant in the previous litigation (Equity 66 and 1999-2765) was the same entity.

> The court abused its discretion when it ignored the basis of the Complaint a[t] 1999-1546, was that the Executor's purposefully withheld the documents and true identity of Pennsy Supply Inc. the real owner of the Silver Springs Quarry.

> The Court erred in not adopting Allegation 10. of the Complaint as fact.

> The Court erred in adopting the findings of Judge J. Wesley Oler in [case number] 1999-2765. The Court erred in determining that the Plaintiff sought to avoid the upcoming Argument court and used "bait and switch" tactics.

Appellant's brief at 3.

At issue herein is whether judgment on the pleadings on the basis of collateral estoppel was properly granted. We first set forth applicable principles for reviewing a motion granting judgment on the pleadings.

> Our review of a trial court's decision to grant judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial. In so reviewing, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Katzin v. Cent. Appalachia Petroleum*, 39 A.3d 307, 309 (Pa.Super. 2012).

The trial court concluded that Mumma's right to purchase Pennsy stock under the 1961 shareholders' agreement was adjudicated in action 99-2765, which prevented Mumma from prevailing in this case. As we observed in *Weissberger v. Myers*, 90 A.3d 730, 733 (Pa.Super. 2014) (citations and quotation marks omitted):

> Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated.
>
> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair

- 6 -

opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

In this case, Mumma sought to unravel the sale of Pennsy's successor, Ninety-Nine, to CRH by claiming that he would not have assented to that sale had he known that he had the right to purchase the Pennsy stock under the 1961 shareholders' agreement. He charged the defendants with concealing the 1961 shareholders' agreement from him. In the case that Mumma brought at 99-2765, the trial court held, and this Court affirmed, that Mumma never had the right to purchase Pennsy stock because the 1961 shareholders' agreement was terminated by a 1963 shareholders' agreement. That other action proceeded to final judgment on the merits. Mumma was a party to that lawsuit, and he had a full and fair opportunity to litigate the issue. Finally, the issue was essential to the judgment entered against him in that case. Hence, collateral estoppel applies, and, in this appeal, Mumma makes no cogent argument supported by pertinent legal authorities to avoid that result. Hence, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016

- 7 -