J-S96022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| WESBANCO BANK, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES W. BEATTIE, JR. AND ANGELIA M. BEATTIE | |
| APPEAL OF: JAMES W. BEATTIE, JR. | |
| | No. 739 WDA 2016 |

Appeal from the Order Entered April 18, 2016
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2013-3649

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 21, 2017**

James W. Beattie, Jr., appeals *pro se* from the April 18, 2016 order granting summary judgment to Appellee WesBanco Bank, Inc. ("WesBanco").  We affirm.

On October 28, 2013, WesBanco instituted this lawsuit against Beattie and Angelia M. Beattie, and it averred the following.  On August 3, 2006, defendants obtained a loan in the amount of $22,950 to purchase a vehicle. Defendants agreed to repay the debt pursuant to a retail installment contract and security agreement with Rhones Travel Trailers, Inc. The agreement in question was assigned to WesBanco.  The loan was secured by a 2004 Holiday Rambler, and required monthly payments of $255.28.

The complaint continued as follows. On February 6, 2013, the defendants defaulted under the agreement by ceasing to make any payments. WesBanco sent defendants a notice that they were in default and had the right to cure. A copy of the notice was attached to the complaint. Beattie subsequently voluntarily relinquished the collateral, and WesBanco sold it at a public auction, applying the auction proceeds to the outstanding balance on the defendants' loan. It sent defendants a notice of its plan to sell the vehicle as well as a report about the sale; those two documents were also attached to the complaint. The Holiday Rambler was sold for $5,000.

Following the sale, there was a deficiency balance on the loan in the amount of $10,649.90. After WesBanco's repeated demands for payment were ignored, it brought this lawsuit, requesting the outstanding loan balance, prejudgment interest of 8.54% as outlined in the agreement, and post-judgment interest.

Personal service was effectuated by the sheriff on Angelia M. Beattie; she failed to file an answer, resulting in a default judgment being entered against her. On October 14, 2014, WesBanco filed a praecipe to reinstate the complaint, and then the sheriff personally served the complaint on Beattie. Proceeding *pro se*, Beattie filed an answer denying receipt of any of the notices. After service of interrogatories and requests for admissions by both parties, WesBanco filed a motion for summary judgment on March 11,

2016, noting that the record established both its compliance with the applicable law and that Beattie owed the money under the agreement. Beattie filed a motion for judgment on the pleadings and to strike the summary judgment request. This appeal followed the grant of WesBanco's motion and the denial of Beattie's motions.

Beattie raises these issues for our review:

1. Whether the collections court erred as a matter of law, abused its discretion and committed reversible errors in denying appellant's motion to strike WesBanco's motion for summary judgment for failing to serve the defendant, Mr. Beattie with their motion.

2. Whether the collections court erred as a matter of law, abused its discretion and committed reversible errors in granting WesBanco's motion for summary judgment where genuine issue of material fact must be resolved against the moving party.

3. Whether the collections court erred as a matter of law, abused its discretion and committed reversible errors in denying appellant's motion for [judgment on the pleadings] where no genuine issue of material [fact] exists.

Appellant's brief at 3.

Beattie first assails the court's failure to grant his motion to strike WesBanco's motion for summary judgment. We review a trial court's denial of a pretrial motion for an abuse of discretion. In this context, "an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonably, or the result of partiality, prejudice, bias, or ill will, as shown

by the evidence or the record, discretion is abused." ***WMI Group, Inc. v. Fox***, 109 A.3d 740, 748 (Pa.Super. 2015).

Beattie contends the trial court erred in failing to strike WesBanco's motion for summary judgment since he never received a copy of that motion. He argues that the certificate of service attached to WesBanco's motion for summary judgment failed to indicate when the motion was delivered, and thus, he maintains that there is no proof he ever received the document. As such, Beattie concludes, he did not receive a full and fair opportunity to brief and argue the issues raised by WesBanco.

The trial court reviewed the various mailings sent by WesBanco to Beattie, and noted Beattie's responses thereto, including his motion for judgment on the pleadings and his motion to strike WesBanco's motion for summary judgment. The court observed that Beattie's sole argument at the hearing was that he never received WesBanco's motion for summary judgment. In denying Beattie's two motions, the court found that, "[d]espite [Beattie's] claims of procedural defects, such as deficient service of [WesBanco's] Motion, [Beattie] nonetheless filed a Motion to Strike the same." Trial Court Opinion, 6/20/16, at 5. Implicit in the court's decision is that it found Beattie's testimony that he had not received WesBanco's motion for summary judgment incredible. We discern no abuse of discretion in this regard.

- 4 -

Herein, WesBanco filed its motion for summary judgment on March 11, 2016. The certificate of service appended to that filing accurately lists Beattie's home address, but fails to provide the date of service.[1] On April 4, 2016, Beattie filed a motion for judgment on the pleadings. In that document Beattie avers that he received a communication from the Prothonotary on March 29, 2016, at his home address, regarding WesBanco's motion for summary judgment and scheduling the matter for a hearing on April 15, 2016. Beattie attached that letter, and its corresponding envelope marked with his home address, to his motion. Clearly, at the time Beattie filed his motion for judgment on the pleadings, he was well aware that WesBanco had filed a motion for summary judgment. Moreover, on April 11, 2016, Beattie filed the at-issue motion to strike claiming he had not received WesBanco's motion for summary judgment or brief in support.

We do not find that the lack of a date on the certificate of service attached to WesBanco's motion for summary judgment renders the document so infirm as to question whether service was effectuated. Beattie's name and address are listed accurately on the certificate of service.

_____

[1] Following the hearing on the motion for summary judgment, WesBanco filed an amended certificate of service averring that service of its motion for summary judgment had been provided to James W. Beattie, Jr., on March 9, 2016.

Furthermore, the motion was filed and stamped by the court on March 11, 2016, and Beattie conceded he subsequently received notice from the Prothonotary regarding that motion at the same address. In light of the evidence of record, we find the court did not abuse its discretion in denying Beattie's motion to strike WesBanco's motion for summary judgment.[2]

Next, Beattie contends that the trial court erred in granting WesBanco's motion for summary judgment. An order granting summary judgment will be reversed if the trial court committed an error of law or clearly abused its discretion. **Malanchuk v. Sivchuk**, 148 A.3d 860, 865 (Pa.Super. 2016). Moreover,

> summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

---

[2] In various portions of his brief, Beattie asserts that the trial court erred in permitting WesBanco to argue its motion for summary judgment. Relying on local court rules, Beattie argues that WesBanco should have been precluded from oral argument since it failed to serve him a copy of its motion for summary judgment and the briefs in support of its position. As we find the record supports the trial court's implicit finding that Beattie had received those documents, we need not address this contention.

*Id*. (internal citations and quotation marks omitted). The decision relating to "whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo* . . . [t]his means we need not defer to the determinations made by the lower tribunals." *Id*. at 865-866 (citation omitted). As such, "if there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." *Id*. (citation omitted).

Beattie's argument is multi-faceted. He first argues that there is a genuine issue of material fact regarding whether WesBanco had authority to pursue a deficiency judgment following the sale of the 2004 Holiday Rambler. Beattie notes that the copy of the installment sales agreement attached to WesBanco's complaint is illegible, but insofar as it is legible, it does not contain a provision permitting the recovery of the deficiency balance. He maintains that the then-enacted Motor Vehicle Sales Finance Act, 69 P.S. §§ 601 *et seq.* (repealed by 2013 P.L. 1081, No. 98, § 9(3), effective Dec. 1, 2014), required WesBanco to include a provision authorizing the recovery of a deficiency balance within the agreement.

Instantly, we note that the copy of the agreement attached to WesBanco's complaint does utilize an unusually small font. We caution parties from employing such a diminutive text size in their attachments to pleadings. That said, in this case, we are able to distinguish the text of the

provisions maintained within the agreement. Nevertheless, Beattie's assertions are unavailing as the Motor Vehicle Sales Finance Act provides for a statutory right to recover a deficiency balance, and therefore, that provision need not be explicitly included in the terms of the agreement. Section 626 of the Act permits a seller to "bring an action or proceeding against the buyer for a deficiency, as provided in section twenty-seven hereof, unless there shall have been a public or private sale of the repossessed motor vehicle and collateral security." 69 P.S. § 626. Under § 627, "if the proceeds of the resale mentioned in section twenty-six above are not sufficient to defray the expenses thereof . . . the seller or holder may recover the deficiency from the buyer or from any one [sic] who has succeeded to the obligations of the buyer." 69 P.S. § 627. Hence, Beattie is not entitled to relief.

Next, Beattie asserts that WesBanco failed to properly notify him of his default and his right to cure that default pursuant to 69 P.S. § 2102. He argues first that WesBanco failed to provide him with any notice, or alternatively, that the notice provided was deficient. He claims the notice did not provide him with adequate time to cure the default, it did not state the holder's contact information or the contact information where payment could be made, it did not disclose where the collateral was stored, and it was not sent by certified mail.

The Motor Vehicle Sales Finance Act provides, in pertinent part, that

> A seller or holder may not accelerate the maturity of a retail installment contract, commence any legal action or repossess without legal process unless the buyer is in default and unless the seller or holder shall provide the buyer with notice, sent by certified mail, to the buyer's last known address or delivered personally to the residence of the buyer, informing the buyer (1) of his right to cure the default upon payment of the amount in default plus delinquency or deferral charges within twenty-one (21) days of the date of receipt of such notice, (2) the name, address and telephone number of the seller or holder, (3) total amount due, including amount of delinquency charges, (4) exact date by which the amount due must be paid, (5) name, address and telephone number of the person to whom payment must be made, and (6) other performance necessary to cure a default arising from other than nonpayment herein and the buyer is given the rights so specified.

69 P.S. § 2102.

Here, WesBanco proffered a copy of its February 6, 2013 notice of default and right to cure default. The letter, which was addressed to Beattie's home address, informed him that he had a right to cure his default by remitting a payment on or before February 18, 2013, a span of eighteen days. The letter contained WesBanco's name and address and the telephone number by which Beattie could contact the claim adjustor in order to remit payment. The total charges due were noted, including late fees. Finally, the document provided that if Beattie failed to tender the amount owed, WesBanco could commence suit or proceed against the collateral. There was no indication that the letter was sent by certified mail.

Upon reviewing the record, we find that the letter posted by WesBanco substantially conforms with the requirements of the Motor Vehicle Sales

Finance Act to place Beattie on notice that WesBanco intended to collect on his outstanding debt. Although the letter provides only an eighteen day period to cure his default, Beattie offered no evidence that he attempted to do so within the twenty-one day period, and that WesBanco rejected that attempt. Thus, Beattie has not shown that he was prejudiced by WesBanco's error. In addition, the record indicates Beattie voluntarily surrendered the collateral to WesBanco on or about March 13, 2013, and therefore, any argument that he was unaware of WesBanco's intent to repossess the 2004 Holiday Rambler is rebuffed by his subsequent actions.

Beattie raises similar challenges to WesBanco's March 13, 2013 notice of its intent to sell the vehicle, albeit, under 13 Pa.C.S. § 9614 of the Pennsylvania Uniform Commercial Code. The relevant provision of the PUCC states,

In a consumer-goods transaction, the following rules apply:

(1) A notification of disposition must provide the following information:

  (i) The information specified in section 9613(1) (relating to contents and form of notification before disposition of collateral: general);

  (ii) A description of any liability for a deficiency of the person to which the notification is sent;

  (iii) a telephone number from which the amount must be paid to the secured party to redeem the collateral under section 9623 (relating to right to redeem collateral) is available; and

(iv)   a telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

(2)   A particular phrasing of the notification is not required.

13 Pa. C.S. § 9614(1) and (2).   Section 9613(1) delineates standard information, such as the names of the debtor, the description of the collateral, and intended disposition.   The provision continues to state, "[t]he contents of a notification which lacks any of the information specified in paragraph (1) are sufficient even if the notification includes . . . minor errors which are not seriously misleading."   13 Pa.C.S. 9613(3).

We observe that WesBanco's March 13, 2013 notice of its plan to sell the collateral references the wrong date for the original agreement and an erroneous date of default.   Notwithstanding those minor errors, the letter was addressed to Beattie at his home address, made reference to the 2004 Holiday Rambler, indicated the time and place of the sale, provided an itemized recounting of the debt owed, and offered a name and number of a WesBanco representative.   We do not find any of Beattie's claimed errors so misleading as to invalidate WesBanco's service of notice.   Furthermore, we reiterate that Beattie's subsequent voluntary surrender of the vehicle indicates he was aware of WesBanco's intent to claim and resell the 2004 Holiday Rambler.

In summary, even when viewing the evidence in the light most favorable to Beattie as the non-moving party, we find no genuine issue of

material fact to support his position. WesBanco proffered uncontradicted evidence that Beattie entered into a retail installment contract on August 3, 2006, with Rhones Travel Trailers, Inc., in the principal amount of $22,950, plus interest accruing at a rate of 8.54% per annum. That agreement was assigned to WesBanco and secured by the 2004 Holiday Rambler. Thereafter, Beattie defaulted on his payments. Accordingly, the trial court properly granted summary judgment in favor of WesBanco.

Lastly, Beattie challenges the trial court's denial of his motion for judgment on the pleadings. Our review of a court's decision to deny a motion for judgment on the pleadings is well-settled. We apply the same standard as the trial court which

> confines its consideration to the pleadings and documents properly attached thereto. We review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 101 (Pa.Super. 2016) (citation omitted). Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary. ***Katzin v. Cent. Appalachia Petroleum***, 39 A.3d 307, 309 (Pa.Super. 2012).

Beattie's contentions in this regard are two-fold. On the one hand, he cites to a case from the United States District Court for the Eastern District

of Pennsylvania for the proposition that a judgment on the pleadings may be converted into a motion for summary judgment if it references matters outside the pleadings. On the other hand, he simply asserts that his brief sets forth the many ways in which WesBanco failed to provide him proper notice, and for those reasons, he is entitled to judgment on the pleadings.

The trial court denied Beattie's motion for judgment on the pleadings, in part, because Beattie "impermissibly request[ed] the court to consider discovery outside of the pleadings and not attached thereto[.]" Trial Court Opinion, 6/20/16, at 5. Nonetheless, we observe that this Court is not bound by the decisions of the federal district courts. Moreover, the case Beattie offers for our consideration, *Brennan v. National Telephone Directory Corp.*, 850 F.Supp. 331 (E.D.Pa. 1994), relies on the Federal Rules of Civil Procedure, which do not apply to our proceedings. Thus, based on our disposition above, having found that summary judgment was properly granted in favor of WesBanco, we discern no error in the trial court's denial of Beattie's motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017